# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ADA ALBORS GONZALEZ,**

    **Plaintiff,**

vs.                                              Case No. 4:22cv273-MW-MAF

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,** *also known as* **"FANNIE MAE",**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on July 20, 2022, by submitting a civil complaint, ECF No. 1, a certificate of interested persons and corporate disclosure statement, ECF No. 3, and Plaintiff simultaneously paid the filing fee, ECF No. 2. Plaintiff did not, however, file a notice of prior and similar cases as required by Local Rule 5.6. Because Plaintiff is a familiar litigant in this Court as are her claims, Plaintiff was directed to comply with that Rule no later than **August 15, 2022**. ECF No. 5.

Additionally, Plaintiff's complaint was reviewed to determine if it is sufficient for service on the Defendant. Because it was not, an Order was

entered explaining the many deficiencies to Plaintiff and requiring her to file an amended complaint by **August 25, 2022**, if she believed there was a basis to proceed. *Id.* However, Plaintiff was informed that she must reconcile numerous problems - first, that her fraud claim was barred by the statute of limitations. Second, the Eleventh Circuit Court of Appeals has previously affirmed the dismissal of Plaintiff's prior case against Defendant Fannie Mae on the basis of res judicata. The Court held that Plaintiff "is now barred as a matter of law from raising her fraud claim in federal court," Gonzalez v. Fed. Nat'l Mortg. Ass'n, 860 F. App'x 693, 695 (11th Cir. 2021). Third, Plaintiff's request for relief - to "set aside and or vacate the orders" - must be filed in the case in which the order was issued, not a separate case. Moreover, Plaintiff was informed that this Court has no authority to set aside an Order entered by the Eleventh Circuit Court of Appeals. ECF No. 5.

Further, the Order, ECF No. 5, detailed the five prior cases Plaintiff had already filed against the same Defendant she names in this case. She was informed that Rule 11 of the Federal Rule of Civil Procedure "imposes 'an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing,' and 'the applicable standard is one of reasonableness

under the circumstances.'" Walther v. McIntosh, 572 F. App'x 881, 883 (11th Cir. 2014) (other citations omitted) (quoted in Cohen v. Burlington, Inc., No. 18-CV-81420, 2020 WL 1033349, at *3 (S.D. Fla. Mar. 3, 2020), reconsideration denied, No. 18-CV-81420, 2020 WL 3256863 (S.D. Fla. June 16, 2020), *aff'd sub nom.* Gulisano v. Burlington, Inc., 34 F.4th 935 (11th Cir. 2022), and *aff'd sub nom.* Gulisano v. Burlington, Inc., 34 F.4th 935 (11th Cir. 2022)). "Rule 11 requires a duty to inquire about the facts alleged and claims raised to ensure a case 'is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" ECF No. 5 (quoting Fed. R. Civ. P. 11(b)(1)). Considering the cases Plaintiff has already lost in this Court which raised the same claims Plaintiff again seeks to raise in this case, Plaintiff was informed that Rule 11 sanctions could be imposed if the Court determines that Rule 11 has been violated. *Id.*

It would appear Plaintiff has decided to abandon this litigation because she did not comply with the prior Order, ECF No. 5. Because Plaintiff has not filed her Local Rule 5.6 notice or an amended complaint, and because the deadline has passed, this case should now be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned, ECF No. 5 at 10, but did not respond to a Court Order.  Thus, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2022.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**